# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                             **Case No:   6:14-cv-1233-Orl-18KRS**

**EVELYN L. HANCOCK,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)** |
| **FILED:** | **October 22, 2014** |

## I.    PROCEDURAL HISTORY.

On July 30, 2014, the United States of America ("United States") filed a complaint against Defendant Evelyn L. Hancock seeking to recover principal and interest owed by Hancock due to her failure to make payments on student loans, along with attorney's fees and cost.   Doc. No. 1.

Personal service of the summons and complaint was properly effectuated on September 10, 2014.   Doc. No. 6 at 3.   Hancock subsequently failed to appear and respond to the complaint. Upon motion by the United States, the Clerk of Court entered a default against Hancock on October 8, 2014.   *See* Doc. Nos. 5, 7.

On October 22, 2014, the United States filed the instant Motion for Entry of Default Judgment.   Doc. No. 8.   In support of its motion, the United States submitted the following, among other documents:

- Certificates of Indebtedness for the loans at issue (*id.* at 7-9);[1]

- Declaration of Attorney's Fees from counsel for the United States requesting $980.00 in attorney's fees (*id.* at 10-11);

- Invoice showing payment of the service of process costs (*id.* at 12);

- Copies of the promissory notes at issue (*id.* at 13-25); and,

- Declaration of counsel for the United States averring, among other things, that Hancock is neither an infant nor an incompetent person requiring special service in accordance with Federal Rule of Civil Procedure 4(g) and is not serving within the armed forces of the United States so as to be entitled to the protection of 50 U.S.C. App. Section 520 (*id.* at 26-28).

The United States also seeks to recover $45.00 in costs pursuant to 28 U.S.C. § 1921.   *Id.* at 4.

The United States served the motion on Hancock via U.S. Mail, but she has failed to respond and the time for doing so has passed.   *See id.* at 5.   The motion was referred to me for the issuance of a Report and Recommendation.   Accordingly, the motion for default judgment is ripe for consideration.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine

---

[1] These documents were also attached to the complaint.   *See* Doc. No. 1-1.

whether [the] plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Smyth*, 420 F.3d at 1232 n.13.

## III.     ALLEGATIONS OF THE COMPLAINT.

In this case, the United States seeks to recover on several different student loan claims in three separate causes of action, each of which is discussed separately, below.

### A.     First Cause of Action: Claim Number 2011A54172.

On or about August 20, 1990, August 30, 1991, and March 27, 1992, Hancock executed three promissory notes to secure loans of $2,625.00, $4,000.00 and $2,000.00 respectively from

Chase Manhattan Bank ("Chase").   Doc. No. 1-1 at 1.   The first loan was disbursed for $2,625.00 between October 1, 1990, and January 2, 1991.   The second loan was disbursed for $3,049.00 between September 18 and December 27, 1991.   The third loan was disbursed for $2,000.00 between May 4 and June 27, 1992.   Each loan originally had an interest rate of 8%, rising to 10% after the fourth year of repayment, but the holder converted the interest rate to a variable rate not to exceed 10% pursuant to 20 U.S.C. § 1077a(i)(7).   The loans were guaranteed by the State of Florida, Department of Education Office of Student Financial Assistance ("OSFA"), and then reinsured by the U.S. Department of Education (the "Department") under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq.   Id.*

The original holder of the loan (Chase) demanded payment according to the terms of the notes.   Hancock defaulted on the obligation on March 9, 1997, and Chase filed a claim on the loan guarantee.   Due to the default, the guaranty agency (OSFA) paid the claim.   The Department then reimbursed OSFA for that claim under a reinsurance agreement.   *Id.*

The guarantor attempted to collect the debt from Hancock, but was unable to collect the full amount due.   On September 10, 2004, the guarantor assigned its right and title to the loans to the Department.   Since the assignment of the loans, the Department has credited to the balance a total of $0.00 in payments from all sources.   *Id.*

The United States alleges that demand has been made upon Hancock, but that she has neglected and refused to pay the amount that she owes.   Doc. No. 1 at 3.   Accordingly, as of April 7, 2011, Hancock owed $8,826.33 in principal and $9,109.28 in interest for a total debt of $17,935.61.   Doc. No. 1-1 at 1.   Interest on the principal continued to accrue at the rate of $2.42 per day until June 30, 2011, and thereafter at such a rate as the Department established pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.   *Id.*

B.      *Second Cause of Action: Claim Number 2011A54175.*

On or about June 2, 1992, June 24, 1992, April 21, 1993, and July 28, 1993, Hancock executed promissory notes to secure loans of $500.00, $500.00, $1,000.00 and $500.00 respectively from the University of Central Florida.   *Id.* at 2.   The interest rate on the loans was 5.00% per year. The loans were made under the federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs under the Higher Education Act of 1965, 20 U.S.C. § 1087aa, *et seq.   Id.*

The University of Central Florida demanded payment according to the terms of the notes. Hancock defaulted on the obligation on September 2, 1994.   Due to the default, the University of Central Florida assigned all rights and title to the loans to the Department on June 26, 2003.   Since the assignment of the loans, the Department has credited a total of $0.00 in payments from all sources to the balance.   *Id.*

The United States alleges that demand has been made upon Hancock, but that she has neglected and refused to pay the amount that she owes.   Doc. No. 1 at 3.   Accordingly, as of April 7, 2011, Hancock owed $1,803.70 in principal and $1,214.37 in interest for a total debt of $3,018.07.   Doc. No. 1-1 at 2.   Interest on the principal continued to accrue at the rate of $0.25 per day.   *Id.*

C.      *Third Cause of Action: Claim Number 2011A54178.*

On or about July 20, 1992, and May 7, 1993, Hancock executed two promissory notes to secure loans of $4,000.00 and $2,000.00 respectively from Chase.   *Id.* at 3.   The first loan was disbursed for $4,000.00 between August 14, 1992, and January 1, 1993.   The second loan was disbursed for $2,000.00 between May 7 and June 28, 1993.   Each loan had a variable interest rate

established annually.   The loans were guaranteed by OSFA and then reinsured by the Department under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq.   Id.*

The original holder of the loans (Chase) demanded payment according to the terms of the notes.   Hancock defaulted on the obligation on March 9, 1997, and Chase filed a claim on the loan guarantee.   Due to the default, the guaranty agency (OSFA) paid the claim.   The Department then reimbursed OSFA for that claim under a reinsurance agreement.   *Id.*

The guarantor attempted to collect the debt from Hancock, but was unable to collect the full amount due.   On September 10, 2004, the guarantor assigned its right and title to the loans to the Department.   Since the assignment of the loans, the Department has credited a total of $0.00 in payments from all sources to the balance.   *Id.*

The United States alleges that demand has been made upon Hancock, but that she has neglected and refused to pay the amount that she owes.   Doc. No. 1 at 3.   Accordingly, as of April 7, 2011, Hancock owed $6,772.51 in principal and $5,309.63 in interest for a total debt of $12,082.14.   Doc. No. 1-1 at 3.   Interest on the principal continued to accrue at the rate of $0.61 per day until June 30, 2011, and thereafter at such a rate as the Department established pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.   *Id.*

## IV.   ANALYSIS.

### A.   *Liability.*

"To recover on a promissory note, the government must show [that] (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default."   *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)) (unpublished decision cited as persuasive authority).

The United States does not allege in the body of the complaint that Hancock executed the promissory notes, that it is the present owner or holder of the notes, or that the notes are in default. However, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."   As discussed above, the United States attached to the complaint three verified Certificates of Indebtedness.  *See* Doc. No. 1-1.   In the Certificates of Indebtedness, the loan analyst avers that Hancock executed the promissory notes at issue in this case to secure loans from Chase and the University of Central Florida, all rights and title to the loans have been assigned to the Department, and Hancock has defaulted on her obligation to repay the loans.  *See id.*   By failing to answer the complaint, Hancock is deemed to have admitted these factual allegations.   Accordingly, I recommend that the Court find that these admissions are sufficient to establish that Hancock is liable for payment due under the notes.

B.      *Damages.*

I discuss the damages for each of the three claims at issue in this case separately, below.

1.      First Cause of Action: Claim Number 2011A54172.

In the applicable verified Certificate of Indebtedness, the Department's loan analyst avers that Hancock owes the United States the following sum:

| | |
|---|---|
| Principal: | $  8,826.33 |
| Interest: | $  9,109.28 (as of April 7, 2011) |
| Total debt as of 04/07/11: | $ 17,935.61 |

Doc. No. 8 at 7.   The loan analyst further avers that Hancock owes the United States additional prejudgment interest in the amount of $2.42 per day through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.  *Id.*   This is sufficient to establish the amount of damages Hancock owes the United States.

However, counsel for the United States has not adequately explained the method by which he calculated prejudgment interest as of July 1, 2011, and later. The Certificate of Indebtedness provides that the original holder of the notes converted the interest rate to a variable rate pursuant to 20 U.S.C. § 1077a(i)(7). *Id.* Section 1077a provides that, for loans like those at issue here,

> the applicable interest rate for each 12-month period beginning on July 1 and ending on June 30 shall be determined by the Secretary on the June 1 preceding each such 12-month period and be equal to the sum of (i) the bond equivalent rate of the 91-day Treasury bills auctioned at the final auction prior to such June 1; and (ii) 3.25 percent in the case of loans described in paragraph (1), or 3.10 percent in the case of loans described in paragraph (3).

20 U.S.C. § 1077a(i)(7)(A). The United States has not shown that the annual interest rate in each year since July 1, 2011, was 3.30%, which is the figure counsel used in computing prejudgment interest in the motion. Doc. No. 8 at 2, 27. Therefore, while the United States has provided evidence of the amount of interest that it is owed on the notes, I cannot confirm that its calculations in the motion regarding the amount owed are correct.

Accordingly, I recommend that the Court find that the United States has provided sufficient evidence to establish the damages that are due to it pursuant to the notes at issue for this claim. I further recommend that the Court require the United States to provide a supplemental memorandum within the time permitted to object to this Report and Recommendation in which it sets forth the annual interest rate adjusted as provided for in § 1077a(i)(7) and the accurate prejudgment interest calculation for the prejudgment interest due on Claim Number 2011A54172.

2.      Second Cause of Action: Claim Number 2011A54175.

In the applicable verified Certificate of Indebtedness, the Department's loan analyst avers that Hancock owes the United States the following sum:

| | |
|---|---|
| Principal: | $ 1,803.70 |
| Interest: | $ 1,214.37 (as of April 7, 2011) |
| Total debt as of 04/07/11: | $ 3,018.07 |

Doc. No. 8 at 8.  The loan analyst further avers that Hancock owes the United States additional prejudgment interest in the amount of $0.25 per day.  *Id.*  Accordingly, I recommend that the Court find that the United States has provided sufficient evidence to establish the damages that are due to it pursuant to the notes at issue for this claim.

3.      Third Cause of Action: Claim Number 2011A54178.

In the applicable verified Certificate of Indebtedness, the Department's loan analyst avers that Hancock owes the United States the following sum:

| | |
|---|---|
| Principal: | $  6,772.51 |
| Interest: | $  5,309.63 (as of April 7, 2011) |
| Total debt as of 04/07/11: | $ 12,082.14 |

*Id.* at 9.  The loan analyst further avers that Hancock owes the United States additional prejudgment interest in the amount of $0.61 per day through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a.  *Id.*  This is sufficient to establish the amount of damages Hancock owes the United States.

However, similar to the loans at issue in the First Cause of Action discussed above, counsel for the United States has not adequately explained the method by which he calculated prejudgment interest as of July 1, 2011, and later due on the loans at issue in this cause of action.   The Certificate of Indebtedness provides that the loans were disbursed with a variable interest rate, which rate was

established by the Department pursuant to § 1077a.  *Id.*  The United States has not shown that, pursuant to § 1077a, the annual interest rate in each year since July 1, 2011, was 3.13%, which is the figure counsel used in computing prejudgment interest in the motion.  *Id.* at 2, 27.  Therefore, while the United States has provided evidence of the amount of interest that it is owed on the notes, I cannot confirm that its calculations in the motion regarding the amount owed are correct.

Accordingly, I recommend that the Court find that the United States has provided sufficient evidence to establish the damages that are due to it pursuant to the notes.  I further recommend that the Court require the United States to provide a supplemental memorandum within the time permitted to object to this Report and Recommendation in which it sets forth the annual interest rate adjusted as provided for in §1077a(i)(7) and the accurate prejudgment interest calculation for the prejudgment interest due on Claim Number 2011A54178.

C.      *Costs.*

The United States also seeks to recover $45.00 in service of process costs.  Doc. No. 8 at 4. In support of its request for costs, the United States submitted an invoice reflecting that it paid $45.00 to effect personal service on Hancock.  *Id.* at 12.

Federal Rule of Civil Procedure 54 provides that "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a United States statute or federal rule of civil procedure to the contrary.  Fed. R. Civ. P. 54(d)(1).  Service of process costs, like the costs in this case, are taxable costs.  *See EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921."); *see also* 28 U.S.C. § 1920(1); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3) (The U.S. Marshals Service collects "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served . . . .").

Accordingly, I recommend that the Court find that the United States is entitled to $45.00 in service of process costs.

      D.    *Attorney's Fees.*

         1.    <u>Whether the United States Is Entitled to Recover Attorney's Fees.</u>

The United States argues that it is entitled to recover attorney's fees from Hancock pursuant to the terms of the promissory notes, quoting the relevant language from the promissory notes on which it relies, and 20 U.S.C. § 1091a(b)(1) and its implementing regulations.   Doc. No. 8 at 2-3.

As to the promissory notes at issue in the Second Cause of Action, the United States relies upon the following language in the notes:

- "I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due" (*id.* at 19), and

- "I promise to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due" (*id.* at 21).

This language unambiguously entitles the United States to attorney's fees for the collection of the amounts due on the loans in the Second Cause of Action.

As to the promissory notes at issue in the First and Third Causes of Action, the United States relies upon the following language in the notes:

> I agree to pay the following amounts if delinquent in making payments when due or if this Promissory Note is declared in default . . . 2) Costs that are permitted by Federal and State laws and are necessary for collection of any overdue amount.  The costs may include attorney's fees . . . .

*Id.* at 14 ¶ VI, 16 ¶ VI, 18 ¶ VI, 23 ¶ VI, 25 ¶ VI.   This language is not blanket "prevailing party" fee language that unambiguously entitles the United States to attorney's fees.   Rather, the promissory notes require Hancock to pay attorney's fees only to the extent the collection of attorney's fees is permitted by state or federal statute or regulation.

On this point, the briefing provided by the United States is inadequate.   While the United States correctly cites 20 U.S.C. § 1091a(b)(1) for the proposition that "a borrower who has defaulted on a [student] loan . . . shall be required to pay . . . reasonable collection costs," it erroneously refers the Court to 34 C.F.R. § 685.202(e)(2), which permits the assessment of collection costs, including attorney's fees, on a *Direct Loan* issued under the William D. Ford Federal Direct Loan Program. However, the loans at issue in the First and Third Causes of Action were Stafford Loans, issued by Chase and ultimately guaranteed by the Department.   *See* Doc. No. 8 at 7, 9 (Certificates of Indebtedness), and 13, 15, 17, 22, 24 (promissory notes).

Nevertheless, in other student loan collection cases, the Court has previously required the United States to properly brief the issue of entitlement to attorney's fees on the collection of loans like those at issue in this case.[2]   The Federal Family Education Loan ("FFEL") programs allowed private lenders, like Chase, to use their own funds prior to July 1, 2010, to make loans (including Stafford Loans) to pay the cost of a student's post-secondary education, with the loans being ultimately guaranteed by the Department of Education in the event of the borrower's default. *See* 34 C.F.R. § 682.100.   Section 1091a(b)(1) permits the United States to recover "reasonable collection costs," and the statute's implementing regulations provide that, for FFEL program loans, if provided for in the borrower's promissory note "the lender may require that the borrower . . . pay costs incurred by the lender or its agents in collecting installments not paid when due, including, but not limited to—(i) Attorney fees . . . ."   34 C.F.R. § 682.202(f)(1).

Here, the promissory notes at issue in the First and Third Causes of Action provide that Hancock agreed to pay costs permitted by federal law necessary for the collection of overdue

---

[2] *See, e.g.*, *United States v. Jones*, Case No. 6:13-cv-1628-Orl-40KRS, Doc. No. 18 (M.D. Fla. June 9, 2014).

amounts.   As such, the United States is entitled to recover attorney's fees for the collection of the amount due on the loans in the First and Third Causes of Action as well.   Accordingly, I recommend that the Court find that the United States is entitled to recover attorney's fees in this case.

2.   <u>Lodestar Analysis</u>.

The United States seeks to recover $980.00 in attorney's fees.   Doc. No. 8 at 10-11, 27.   In support of its request for attorney's fees, the United States submitted a declaration in which Steven M. Davis, Esq., counsel for the United States, avers the amount of time that he spent on the case and his usual and customary hourly rate of $200.00.   *Id.* at 10-11.

Attorney Davis has been a member of the Florida Bar since 1991.   *See* The Florida Bar – Find a Lawyer, http://www.floridabar.org/names.nsf/MESearchDK?OpenForm (search "Steven Mark Davis") (last visited Jan. 7, 2015).   He seeks a rate of $200.00 per hour.   I recommend that the Court find that this hourly rate is reasonable in the central Florida market for an attorney with 24 years of experience in a case of this type.   *See, e.g.*, *United States v. Hollyfield*, No. 6:14-cv-10-Orl-41KRS, 2014 U.S. Dist. LEXIS 119548, at *5 (M.D. Fla. July 29, 2014), *adopted*, 2014 U.S. Dist. LEXIS 119552 (M.D. Fla. Aug. 27, 2014) (approving $200.00 hourly rate for Attorney Davis).

Attorney Davis also submitted a time sheet showing that he worked 4.9 hours on this case, including 0.5 hours corresponding with Hancock.   Doc. No. 8 at 10-11.   However, recoverable collection costs for FFEL loans, such as those at issue in the First and Third Causes of Action, do not include routine collection costs associated with preparing letters or notices or making personal contacts with the borrower.   34 C.F.R. § 682.202(f)(2).   Nevertheless, I have not found any authority discussing whether an attorney's demand letter before instituting litigation is a "routine collection cost" that is not compensable within the meaning of § 682.202(f)(2).   In the absence of such authority, I recommend that the Court find that once the Department has forwarded a loan in

default to an attorney for collection, that the attorney's work to prepare and send a demand letter before instituting litigation is not a "routine collection cost" within the meaning of the regulation. If the Court accepts this recommendation, then I recommend that the Court find that the hours worked are reasonable in the absence of objection.

Accordingly, the lodestar attorney's fee is $980.00.[3]   I recommend that the Court find that this fee is reasonable.

## V.     RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1.     **GRANT** the Motion for Entry of Default Judgment (Doc. No. 8);

2.     **FIND** Evelyn L. Hancock liable to the United States of America in the amount of $17,402.54[4] plus accrued prejudgment interest;

3.     **AWARD** the United States attorney's fees in the amount of $980.00 and costs in the amount of $45.00;

4.     **DIRECT** the United States to submit a proposed judgment with the prejudgment interest properly calculated as of a date provided by the Court following the Court's ruling on this Report and Recommendation; and,

---

[3] Calculated as follows: $200.00 per hour $\times$ 4.9 hours worked by Attorney Davis = $980.00.

[4] Calculated as follows: $8,826.33 for Claim Number 2011A54172 + $1,803.70 for Claim Number 2011A54175 + $6,772.51 for Claim Number 2011A54178 = $17,402.54.

5.   **DIRECT** the Clerk of Court to enter a final judgment in a form the Court finds appropriate and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 15, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy